UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

DANIEL COBBLE,                                )
                                              )
        Plaintiff,                            )      Civil Action No. 3:20-CV-298-CHB
                                              )
v.                                            )
                                              )
DONALD TRUMP *et al.*,                        )      **MEMORANDUM OPINION**
                                              )
        Defendants.                           )
                                              )

**\*\*\* \*\*\* \*\*\* \*\*\***

Plaintiff Daniel Cobble initiated this action by filing a *pro se* complaint and amended complaint against various public officials.[1]  For the reasons that follow, the Court will dismiss this action for lack of subject-matter jurisdiction.

**I.**

Plaintiff's complaint consists of 15 type-written pages (DN 1) and his amended complaint consists of 27 type-written pages (DN 9).[2]  Plaintiff brings this action against President Donald Trump; Kentucky Governor Andy Beshear; Speaker of the House Nancy Pelosi; Jerome Powell, Chairman of the Federal Reserve; and Robert Redfield, Director of the Centers for Disease Control.  Plaintiff states that he requests injunctive relief against these Defendants that will "1) prevent destroying the U.S. economy and 2) eradicate COVID-19 . . ."  He further states that he "herein presents a national strategy for returning to our normal economy."

---

[1] Plaintiff filed a motion requesting waiver of the filing fee for this action based upon unconstitutionality.  The Court entered an Order denying the motion, and Plaintiff then paid the $400.00 filing fee.  In his amended complaint, Plaintiff states that he objects to the Order denying waiver of the filing fee but that he will not file a motion for reconsideration and instead will seek "reimbursement thereof on appeal."

[2] Plaintiff's complaint and amended complaint are similar.  However, because the amended complaint appears to contain the claims set forth in the complaint, as well as additional claims and requests for injunctive relief, the Court refers to the amended complaint for the purpose of summarizing this action.

Plaintiff begins his amended complaint with the following bullet points:

- History Behind the Kill-Off Protocol for Eradicating COVID-19[]
- Stop the Needless Fed. Reserve Interest Payments Eating-up Taxpayer Dollars (Return to Safe Policies of the 1990s Clinton Economy w/ $100 Billion Surplus[])
- Massacre of 19 Mothers, 2 Newborns in Afghan Maternity Ward Attributed to Pres. Trump (Dangerous Lack of Leadership Requires Trump's Removal)
- For Meatpacking Plants, Invoke All Broad Response Economic Protocols [BREPs]

He then explains each of these points in detail.  Plaintiff indicates that he has filed petitions requiring the "removal of Trump from office" with the "Attorney General, FBI, Congress, Etc." Plaintiff also states that he has proposed his "BREPs" to Governor Beshear and other governors but that they have ignored them.  Plaintiff claims that this has resulted in "our leaders needlessly destroying the tax base, Medicare, Medicaid, Social Security, veterans benefits, unemployment insurance, and public and private pension funds [which] cannot survive the eventual collapse, especially not over the 18+ months development till a vaccine is ready for global distribution."

Plaintiff asserts that "the primary objective of the amended complaint is to present to the Court the extensively successful history of applying open/fresh air protocols for treating and healing disease."  Plaintiff then explains this history and protocol.  In the next section of the amended complaint, Plaintiff outlines President's Trump's "COVID-19 deficiencies" which Plaintiff claims are "prolonging the crisis, leading to more death and infections . . ." and require the "removal of Pres. Trump from Office."  Plaintiff also states that to "save the U.S. economy" the Court should "require 4.75% prime interest rate by the Federal Reserve & Stop Violating the Federal Reserve Act of 1913" and "free the charges to contracts of laid-off employees & small businesses."  Ultimately, Plaintiff asks the Court to order the implementation of a detailed "national plan" to defeat COVID-19 which he states President Trump has not provided.

## II.

It is axiomatic that federal district courts are courts of limited jurisdiction.  "As courts of limited jurisdiction, federal courts may exercise only those powers authorized by the Constitution and statute."  *Fisher v. Peters*, 249 F.3d 433, 444 (6th Cir. 2001).  "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).

Article III of the Constitution limits the jurisdiction of federal courts to "cases and controversies."  U.S. Const. art. III, § 2. "[T]he core component of standing is an essential and unchanging part of the case-or-controversy requirement of Article III."  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992); *Nikolao v. Lyon*, 875 F.3d 310, 315 (6th Cir. 2017) ("The standing doctrine is derived from the case or controversy requirement and obligates plaintiff[] to show a 'personal stake in the outcome of the controversy as to ... justify [the] exercise of the court's remedial powers on [his] behalf.'") (quoting *Town of Chester, N.Y. v. Laroe Estates, Inc.*, 137 S. Ct. 1645, 1650 (2017)).

Standing "limits the category of litigants empowered to maintain a lawsuit in federal court to seek redress for a legal wrong."  *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016).  "A federal court is not a forum for generalized grievances, and the requirement of such a personal stake ensures that courts exercise power that is judicial in nature."  *Gill v. Whitford*, 138 S. Ct. 1916, 1929 (2018) (citation and quotations omitted).  "Standing requires more than just a keen interest in the issue.  It requires allegations - and, eventually, proof - that the plaintiff personal[ly] suffered a concrete and particularized injury in connection with the conduct about which he complains."  *Trump v. Hawaii*, 138 S. Ct. 2392, 2416 (2018) (citations and quotations omitted).

"Standing is, of course, a threshold requirement for federal jurisdiction.  If a party does not have standing to bring an action, then the court has no authority to hear the matter and must dismiss the case." *Binno v. American Bar Ass'n*, 826 F.3d 338, 344 (6th Cir. 2016).  The plaintiff bears the burden of establishing standing.  *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009).  The plaintiff must allege facts establishing that he "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Gill*, 138 S. Ct. at 1929 (citation and quotations omitted).

In the instant action, Plaintiff does not allege that he has suffered a direct and immediate violation of his constitutional or other federal rights.  Rather, he disagrees with the policy decisions, or lack thereof, that Defendants have made in light of the COVID-19 pandemic.  The Supreme Court, however, has made it clear that "a plaintiff claiming only a generally available grievance about government - claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large - does not state an Article III case or controversy." *Lujan*, 504 U.S. at 573-74.

Moreover, to the extent that Plaintiff seeks the removal of President Trump from office, it is well established that, because the United States Constitution confers upon the House of Representatives and the Senate, respectively, the power to impeach and the power to try all impeachments, "a federal court cannot exercise judicial authority to order impeachment of the President of the United States or to conduct an impeachment proceeding." *Hyland v. Clinton*, 208 F.3d 213 (Table), No. 99-1412, 2000 U.S. App. LEXIS 1379, at *4 (6th Cir. 2000) (citing

4

*Nixon v. United* States, 938 F.2d 239, 243 (D.C. Cir. 1991) ("the framers simply assumed that courts had nothing whatever to do with impeachments")).

Finally, with regard to Plaintiff's request that the Court implement his "national plan" for COVID-19, the Court observes that it is "not authorized to legislate from the bench." *Cobble v. Bernanke*, No. 3:08-cv-516-S, 2008 U.S. Dist. LEXIS 95915, at *3 (W.D. Ky. Nov. 21, 2008) (in which Plaintiff asked the court to take a variety of actions "to save the economy and protect the nation" in light of the federal "bank bailout plan") (citing *In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 343 F. Supp. 2d 838, 843 (W.D. Mo. 2004); *In re Snavely*, 314 B.R. 808, 818 (9th Cir. 2004)).

For all of these reasons, the Court will dismiss this action pursuant to Federal Rule of Civil Procedure 12(h)(3) for lack of subject-matter jurisdiction.

III.

The Court will enter a separate Order dismissing this action consistent with this Memorandum Opinion.

Date: This the 24th day of June, 2020.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY

cc:      Plaintiff, *pro se*
         Defendants
A958.011